NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELENA K. WILSON, | No.   17-56774 |
| Plaintiff-Appellant, | No. 2:16-cv-09086-GJS |
| v. | MEMORANDUM* |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gail J. Standish, Magistrate Judge, Presiding

Submitted April 25, 2019**

Before:     FARRIS, LEAVY, and TROTT, Circuit Judges.

Helena K. Wilson appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Titles II and XVI of the Social Security Act ("Act").  We

have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Wilson did not waive her challenge to the administrative law judge's (ALJ's) reliance on the vocational expert's testimony. Wilson's argument concerns the meaning of the word "incidental" in relation to Wilson's limitations as outlined in the residual functional capacity ("RFC").

On the merits, Wilson fails to establish a conflict between the vocational expert's testimony and the limitation in her RFC to "incidental" interpersonal contact. Wilson relies upon a limited dictionary definition of "incidental" and then argues incompatibility with the agency's regulations for "basic work activity" requirements. Wilson's incompatibility argument fails because Wilson cites no support from the Act, case law, agency regulations, or any other agency guidance materials. In sum, Wilson has not demonstrated the ALJ committed legal error by relying upon the vocational expert's testimony. *See Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017).

**AFFIRMED.**